NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFRED KING, | No. 17-17418 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02709-JAM-CKD |
| v. | |
| P. MEDINA; J. GUILLORY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted August 15, 2018[**]

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Alfred King, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging a due process violation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Byrd v. Maricopa Cty. Bd. of Supervisors*,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

845 F.3d 919, 922 (9th Cir. 2017).  We affirm.

The district court properly dismissed King's action because King failed to allege facts sufficient to show that a meaningful post-deprivation remedy was unavailable to him.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that an intentional deprivation of property does not violate due process if a meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations.").

**AFFIRMED.**